IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SEDRICK HAILES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.2:05cv54-SRW |
| ) | (WO) |
| COMPUDYNE CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

For good cause, it is

ORDERED that plaintiffs Hailes and Timmons may respond to defendants' motion for summary judgment (see Doc. ## 58 - 60, filed October 30, 2006) on or before January 26, 2007. Defendants may file a reply brief on or before February 5, 2007. The motion will be taken under submission at the conclusion of the briefing schedule without further notice to the parties.[1] Any documents or evidence filed after the applicable deadline will not be considered by the court except in exceptional circumstances.

It is further ORDERED that the parties are DIRECTED to provide the court with courtesy photocopies of their summary judgment briefs and evidentiary submissions, if they have not already done so, on or before February 5, 2007.

---

[1] The motion will be submitted for decision without oral argument. Should the court determine that oral argument is necessary, a hearing date will be scheduled later.

In responding to a motion for summary judgment, the parties should make specific reference to the following provisions of Rule 56(e), <u>Federal Rules of Civil Procedure</u>:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided for in this rule, must set forth specific facts showing that there is a genuine issue for trial.

A party opposing a motion for summary judgment cannot rely only on his unsworn pleadings but must oppose the motion by filing sworn affidavits [2], depositions, or answers to interrogatories that set forth specific facts which demonstrate that there is a genuine issue of material fact for trial in this case. Failure to file sworn affidavits or other acceptable evidence as set forth in Rule 56(e) may result in this court accepting the moving party's evidence as the truth.[3] If documents are referred to in the opposing affidavits and have not been previously filed with the court, sworn or certified copies of those papers must be attached to the affidavits or served with them.

Failure to follow the requirements of Rule 56 regarding the proper way to oppose a motion for summary judgment may result in entry of final judgment in favor of the moving party without an evidentiary hearing.

---

[2] An affidavit is a sworn statement in writing made under oath or on affirmation before a notary public or other authorized officer. The affidavit must be made on personal knowledge, set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated in the affidavit.

[3] If the party opposing the motion is unable to present, by affidavit, facts essential to justify his opposition, then he must file a sworn statement as to why he is unable to do so.

DONE, this 9th day of January, 2007.

                                              /s/ Susan Russ Walker
                                              SUSAN RUSS WALKER
                                              UNITED STATES MAGISTRATE JUDGE