IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SEDRICK HAILES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.2:05cv54-SRW |
| | ) | (WO) |
| COMPUDYNE CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Sedrick Hailes and Joe Timmons bring claims against defendant Norment Security Group, Inc. ("Norment") and Compudyne, Norment's parent corporation, pursuant to Title VII and 42 U.S.C. § 1981 alleging discrimination on the basis of race with regard to pay, attendance points, overtime work and training, and promotion. (Complaint, ¶¶ 62-67, 111-12).  This action is presently before the court on defendants' motion for summary judgment (Doc. # 58).  Although given an opportunity to do so (Docs. ## 26, 65, 70), plaintiffs have not responded to the motion.[1]  Upon consideration of the motion, the court concludes that it is due to be granted.

A district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion.  U.S. v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101

---

[1] In the briefing schedule entered on January 9, 2007, the court advised the *pro se* plaintiffs of the requirements for responding to a motion for summary judgment and that their failure to do so may result in entry of final judgment for the defendants.  (Doc. # 70).

(11th Cir. 2004). The district court need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials and must review all of the evidentiary materials submitted in support of the motion for summary judgment. Id. at 1101-02. Accordingly, the court has reviewed the evidentiary materials presented by defendants in accordance with Rule 56 of the Federal Rules of Civil Procedure.

Under Rule 56, the party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Id. at 322-324.

In the instant case, defendants have met this burden. Norment and Compudyne have articulated several bases for summary judgment as to the claims of both plaintiffs, and have supported their motion with the declarations of Stan Sasser and Burtice Bright, along with excerpts of the depositions of Hailes, Timmons and Larry Hampton and exhibits to those depositions. Defendants have also filed plaintiff Hailes answers to interrogatories.

Once the moving party has met its burden, Rule 56(e) of the Federal Rules of Civil

Procedure "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.  Fed. R. Civ. Pro. 56(e).

By failing to file any response to the motion for summary judgment, Hailes and Timmons have failed to meet their burden under Rule 56.  Further, the court has reviewed the evidentiary materials submitted by defendants finds no question of fact as to any material issue raised by defendants as a ground for summary judgment.[2]

Accordingly, it is hereby ORDERED that the Motion for Summary Judgment (Doc. #58) is GRANTED.  A separate Judgment will be entered in accordance with this Order.

DONE, this 26th day of February, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

---

[2] With regard to Timmons' claim that he was denied a promotion to the lead man position awarded to Ralph Dorsey on March 10, 2003, the court concludes – because plaintiff has offered no evidence of the required qualifications for the position – that defendants are entitled to prevail on their argument that plaintiff has not established a *prima facie* case, rather than their argument that plaintiff has not demonstrated pretext.  Additionally, because plaintiffs' claims fail on the merits, the court did not consider Compudyne's argument that it is not a proper defendant.